UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-80019-CV-MIDDLEBROOKS/BRANNON

PAUL HONIG, CARLA HONIG,
DAVID LIPPMAN, CAROLYN
LIPPMAN, JOHN HERTVIK,
GERALD ROY, and HERMANT
NANAVATY, on behalf of themselves
and a class of all others similarly situated,

        Plaintiffs,

v.

BARRY M. KORNFELD, *et al.*,

        Defendants.

_____/

## ORDER REQUESTING SUPPLEMENTAL BRIEFING ON CAFA EXCEPTIONS

THIS CAUSE comes before the Court *sua sponte*. On January 26, 2018, Plaintiffs filed

their First Amended Class Action Complaint ("FAC") alleging seven causes of action against forty

Defendants who, with one exception,[1] were all purportedly sales agents ("Sales Agent Defendants")

who sold promissory notes and other investments on behalf of non-parties Robert H. Shapiro

("Shapiro") and Woodbridge Group of Companies, LLC ("Woodbridge") in an alleged Ponzi

scheme. (DE 6 ("FAC")). The seven named Plaintiffs, on behalf of a putative class, assert claims

for (1) negligence (Counts I-III), (2) negligent misrepresentation (Counts IV-VI), (3) breach of

fiduciary duty (Counts VII-IX), (4) aiding and abetting breach of fiduciary duty (Count X), (5) sale

of unregistered securities, in violation of Chapter 517, Florida Statutes (Counts XI-XII), (6) civil

conspiracy (Count XIII), and (7) vicarious liability against all corporate defendants (Count XIV).

(*Id.*).

---

[1] The only non-sales-agent defendant is an alleged auditor for Woodbridge, GBH CPAS, PC. While there are several factual allegations against GBH CPAS, PC (FAC, ¶¶ 122-129), there are no claims alleged against it in the FAC.

The vast majority of the factual allegations in the FAC relate to the conduct of the defendants who reside in, and are presumably citizens of, Florida.[2] After pleading facts alleging the purported "Woodbridge Scheme and Conspiracy," Plaintiffs' specific allegations regarding the Defendants' conduct begins with paragraph 103 on page twenty-one. (FAC, ¶ 103). Of the thirty-nine Sales Agent Defendants against whom this action is brought, nearly every factual allegation of specific conduct involves just ten defendants, all of whom are purportedly citizens of Florida. Plaintiff puts these ten defendants into three groups: (1) the "Kornfeld Sales Agent Defendants," comprising Florida citizens Barry M. Kornfeld and Ferne E. Kornfeld, principals of First Financial Tax Group, Inc., and its parent company FEK Enterprises, Inc. (FAC, ¶¶ 104-114); (2) the "Klager Sales Agent Defendants," comprised of Florida citizens Albert D. Klager and Michele Klager, and their company Atlantic Insurance & Financial Services, Inc. (FAC, ¶¶ 115-117); and (3) the "Knowles Systems Sales Agent Defendants," which include Florida citizens Lynette M. Robbins and Theodore M. Leutz, and their business, Knowles Systems (FAC, ¶¶ 118-120) (collectively, the "Resident Defendants"). Additionally, eleven of the fourteen counts are brought against *only* these ten Florida defendants; one count for negligence, negligent misrepresentation, and breach of fiduciary duty are brought against each of the Kornfeld, Klager, and Knowles System Sales Agent Defendants only, and one count for sale of unregistered securities under Florida law is asserted against each of the Kornfeld and Klager Sales Agent Defendants only.

The only factual allegation against the remaining twenty-nine Sales Agent Defendants, termed the "Non-Resident Sales Agent Defendants," is that they "similarly utilized the false and misleading Woodbridge sales script to recommend and sell Woodbridge investments to thousands

---

[2] The FAC does not actually plead the citizenship of most of the Defendants; instead, it pleads that Defendants are "residents" of a given state, which is insufficient to establish a party's citizenship. *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013). Citizenship is equivalent to domicile, not residence. *Id.* Domicile "requires both residence in a state and an intention to remain there indefinitely." *Id.* For the purposes of this Order, I assume that Plaintiffs' allegations of Defendants' residence is an attempt to plead their citizenship; however, in the briefing submitted in response to this Order, Plaintiffs must state whether the domicile of themselves or of any Defendant is different from the residence as pled in the FAC.

of additional investors in Florida and throughout the United States" such that they "provided Woodbridge with a constant and significant source of investor funds necessary to keep the Ponzi scheme afloat and thus were critical to the success of the Woodbridge scheme and civil conspiracy." (FAC, ¶ 121). Moreover, the only claims seeking relief from any of the Non-Resident Sales Agent Defendants are for (1) aiding and abetting breach of fiduciary duty, (2) civil conspiracy, and (3) vicarious liability against all corporate defendants. These claims were also asserted against the Resident Defendants, such that every claim in this suit is directed, at least in part, against the Resident Defendants.

As alleged in the FAC, Plaintiffs' sole jurisdictional basis for bringing this matter in federal court is the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). (FAC, ¶ 66). CAFA provides that "district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a state different from any defendant." § 1332(d)(2). If those two requirements are met, then this Court has subject matter jurisdiction. *Hunter v. City of Montgomery, Ala.*, 859 F.3d 1329, 1334 (11th Cir. 2017).

However, even when subject matter jurisdiction exists under CAFA, "[t]he district court may not . . . exercise the CAFA jurisdiction it has if either the local controversy exception or the home state exception applies." *Id.* at 1335 (quoting § 1332(d)(4)(A), (B)). "The home state exception applies if 'two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed.'" *Id.* (quoting § 1332(d)(4)(B)). In a case such as this one where monetary relief is sought, to determine whether a defendant is a "primary defendant" within the meaning of the home state exception, courts must ask "whether, given the claims asserted against the defendant, [the defendant] has potential exposure to a significant portion of the class and would sustain a substantial loss as compared to the other defendants if found liable." *Id.* at 1336 (citation omitted).

3

Moreover, the plain text of the statute indicates that there can be more than one primary defendant.

*Id.* at 1335 (citing § 1332(d)(4)(B)).

The local controversy exception applies if:

**(I)**     greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;

**(II)**    at least 1 defendant is a defendant—

    **(aa)** from whom significant relief is sought by members of the plaintiff class;

    **(bb)** whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and

    **(cc)** who is a citizen of the State in which the action was originally filed; and

**(III)**   principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and

**(ii)**    during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons;

§ 1332(d)(4)(A). In summary, the four elements of the local controversy exception are "(1) citizenship of the plaintiff class; (2) significant defendant; (3) principal injuries; and (4) similar class actions." *McAteer v. DCH Reg'l Med. Ctr.*, No. 17-00859, 2018 WL 1089873, at \*3 (N.D. Ala. Feb. 26, 2018). To determine whether "significant relief" is sought from an in-state defendant, a court must look to conduct "not only an assessment of how many members of the class were harmed by the defendant's actions, but also a comparison of the relief sought between all defendants and each defendant's ability to pay a potential judgment." *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1167 (11th Cir. 2006) (citation omitted). The relief sought against that defendant must be "a significant portion of the entire relief sought by the class. *Id.* Whether the in-state defendant's alleged conduct "forms a significant basis" for the proposed plaintiff class's claims is dependent upon (1) whether the defendant played a significant, lesser, or minimal role in the alleged

4

harm, and (2) whether "a significant number or percentage of putative class members" may have claims against that defendant. *Id.* at 1167.

Here, the allegations in Plaintiff's complaint raise serious questions about whether this Court is permitted to exercise jurisdiction over this matter under CAFA. There are indications that at least two-thirds of the potential class plaintiffs in this action may be domiciled in Florida. Moreover, the ten Resident Defendants seem to be "primary defendants" whose conduct forms a significant basis for the allegations in the FAC and from whom significant relief is sought. Accordingly, in light of the fact that this suit appears to primarily be an action by a putative class of mostly Florida plaintiffs asserting Florida state law claims against Florida defendants who are "primary" or "significant" to this action, I question whether I am permitted to exercise subject matter jurisdiction over this matter. *See Hunter*, 859 F.3d 1329 (affirming district court's *sua sponte* remand based on home state exception ten months after case had been removed after ordering supplemental briefing on the issues). To determine whether the home state or local controversy exceptions to CAFA require this Court to decline exercising jurisdiction over this matter, it is hereby

**ORDERED AND ADJUDGED** that by **July 24, 2018**, Plaintiffs and Defendants must submit briefing indicating their positions on these issues and whether either the home state or local controversy exceptions apply in this case. Additionally, in their briefing, Plaintiffs must state whether their domiciles or that of any Defendant is different from the residence as pled in the FAC.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, on this ___/6___ day of July, 2018.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

CC: Counsel of record